No. 23-10837

# In the United States Court of Appeals
## for the Fifth Circuit

ETHAN MCROREY; KAYLEE FLORES; GUN OWNERS OF AMERICA, INCORPORATED; GUN OWNERS FOUNDATION,

*Plaintiffs-Appellants*,

v.

MERRICK GARLAND, U.S. ATTORNEY GENERAL; FEDERAL BUREAU OF INVESTIGATION,

*Defendants-Appellees*.

**Appeal from the United States District Court for the Northern District of Texas United States District Court Judge Reed O'Connor, Civ. No. 7:23-cv-00047-O**

## RECORD EXCERPTS OF PLAINTIFFS-APPELLANTS

Robert J. Olson
WILLIAM J. OLSON, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
(703) 356-5070
wjo@mindspring.com

Stephen D. Stamboulieh
STAMBOULIEH LAW, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

Oliver M. Krawczyk
AMBLER LAW OFFICES, LLC
20 South Braddock Street
Winchester, VA 22601
(540) 550-4236
oliver@amblerlawoffices.com

*Attorneys for Appellants Ethan McRorey, Kaylee Flores, Gun Owners of America, Incorporated and Gun Owners Foundation*

## TABLE OF CONTENTS

**Tab #**                                                                                    **ROA**

1. Docket Sheet.................................................................................ROA.1

2. Notice of Appeal .....................................................................ROA.304

3. Order and Opinion..................................................................ROA.294

4. Certificate of Service

TAB 1

APPEAL,STAYED

# U.S. District Court
## Northern District of Texas (Wichita Falls)
## CIVIL DOCKET FOR CASE #: 7:23-cv-00047-O

McRorey et al v. Merrick B. Garland et al
Assigned to: Judge Reed C. O'Connor
Case in other court:  United States Court of Appeals 5th Circuit,
                            23-10837
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 05/12/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other Civil
Rights
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Ethan McRorey**                                            represented by   **Stephen Dean Stamboulieh**
Stamboulieh Law PLLC
PO Box 428
Olive Branch, MS 38654
601-852-3440
Email: stephen@sdslaw.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brandon Wilson Barnett**
Barnett Howard & Williams PLLC
9500 Ray White Road
Suite 200
Keller, TX 76244
817/993-9249
Fax: 877/373-8179
Email: barnett@bhwlawfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**David G Browne**
Spiro & Browne, PLC
2400 Old Brick Road
Glen Allen, VA 23060
804-573-9220
Email: dbrowne@sblawva.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Plaintiff**

**Kaylee Flores**                                            represented by   **Stephen Dean Stamboulieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brandon Wilson Barnett**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**David G Browne**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Plaintiff**

**Gun Owners of America, Inc.**     represented by     **Stephen Dean Stamboulieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brandon Wilson Barnett**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**David G Browne**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Plaintiff**

**Gun Owners Foundation**     represented by     **Stephen Dean Stamboulieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brandon Wilson Barnett**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**David G Browne**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Defendant**

**Merrick B. Garland**                                  represented by   **Taisa M. Goodnature**
*in his Official Capacity as Attorney General*                           DOJ-Civ
*of the United States*                                                   1100 L St. NW
                                                                         Washington, DC 20530
                                                                         202-514-3786
                                                                         Fax: 202-616-8470
                                                                         Email: taisa.m.goodnature@usdoj.gov
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*
                                                                         Bar Status: Not Admitted

**Defendant**

**Federal Bureau of Investigation**                     represented by   **Taisa M. Goodnature**
                                                                         (See above for address)
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*
                                                                         Bar Status: Not Admitted

| Date Filed | # | Docket Text |
|---|---|---|
| 05/12/2023 | 1 (p.8) | COMPLAINT against Federal Bureau of Investigation, MERRICK B. GARLAND, in his official capacity as Attorney General of the United States filed by Ethan McRorey, Kaylee Flores, Gun Owners of America, Inc., Gun Owners Foundation. (Filing fee $402; Receipt number ATXNDC-13736685) Clerk to issue summons(es). In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.8) Exhibit(s) Dec of Megan Browning, # 2 (p.109) Exhibit(s) FBI Nics Outages, # 3 (p.114) Exhibit(s) FBI Erroneous Denial Statistics, # 4 (p.137) Exhibit(s) Bipartisan Safer Communities Act, # 5 (p.141) Exhibit(s) FBI SOP 5.5.5, # 6 (p.143) Exhibit(s) Declaration of Ethan McRorey, # 7 (p.145) Exhibit(s) Declaration of Kaylee Flores, # 8 Exhibit(s) Declaration of Hayden Haines, # 9 (p.157) proposed summons on AG, # 10 (p.161) proposed summons on Civil Process Clerk, # 11 (p.165) proposed summons on FBI, # 12 (p.168) Cover Sheet Civil Cover, # 13 (p.172) Certificate of Interested Persons) (Stamboulieh, Stephen) (Entered: 05/12/2023) |
| 05/12/2023 | 2 (p.109) | MOTION for Temporary Restraining Order (), MOTION for Injunction filed by Kaylee Flores, Gun Owners Foundation, Gun Owners of America, Inc., Ethan McRorey (Stamboulieh, Stephen) (Entered: 05/12/2023) |
| 05/12/2023 | 3 (p.114) | Brief/Memorandum in Support filed by Kaylee Flores, Gun Owners Foundation, Gun Owners of America, Inc., Ethan McRorey re 2 (p.109) MOTION for Temporary Restraining Order MOTION for Injunction (Stamboulieh, Stephen) (Entered: 05/12/2023) |
| 05/12/2023 | 4 (p.137) | MOTION relieved from LR 83.10 "50 mile" requirement filed by Kaylee Flores, Gun Owners Foundation, Gun Owners of America, Inc., Ethan McRorey (Stamboulieh, |

| | | |
|---|---|---|
| | | Stephen) (Entered: 05/12/2023) |
| 05/12/2023 | 5 (p.141) | New Case Notes: A filing fee has been paid. File to: Judge O Connor. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (wxc) (Entered: 05/12/2023) |
| 05/12/2023 | 6 (p.143) | ORDER...Plaintiffs' motion does not indicate that the circumstances here justify proceeding without formal notice to Defendants. Thus, it does not appear that Plaintiffs seek an ex parte order. Accordingly, Plaintiffs must provide notice to Defendants of their request, and no later than May 17, 2023, Plaintiffs must file a notice on the docket explaining the details of the notice they provide. Defendants are ORDERED to file any response to Plaintiffs' motion on or before May 22, 2023. Plaintiffs are ORDERED to file any reply on or before May 26, 2023. (Ordered by Judge Reed C. O'Connor on 5/12/2023) (wxc) (Entered: 05/12/2023) |
| 05/12/2023 | 8 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT (See Document 1 (p.8) for image) by Kaylee Flores, Gun Owners Foundation, Gun Owners of America, Inc., Ethan McRorey. (Clerk QC note: No affiliate entered in ECF). (wxc) (Entered: 05/15/2023) |
| 05/15/2023 | 7 (p.145) | Summons issued as to Federal Bureau of Investigation, Merrick B. Garland, U.S. Attorney, and U.S. Attorney General. (wxc) (Entered: 05/15/2023) |
| 05/17/2023 | 9 (p.157) | Plaintiffs' Notice in Response to the Court's May 12, 2023 Order re: 6 (p.143) Order Setting Deadline/Hearing,, filed by Kaylee Flores, Gun Owners Foundation, Gun Owners of America, Inc., Ethan McRorey (Stamboulieh, Stephen) Modified docket text on 5/17/2023 (wxc). (Entered: 05/17/2023) |
| 05/17/2023 | 10 (p.161) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-13747370) filed by Kaylee Flores, Gun Owners Foundation, Gun Owners of America, Inc., Ethan McRorey (Attachments: # 1 (p.8) Exhibit(s) Cert of Good Standing)Attorney David G Browne added to party Kaylee Flores(pty:pla), Attorney David G Browne added to party Gun Owners Foundation(pty:pla), Attorney David G Browne added to party Gun Owners of America, Inc.(pty:pla), Attorney David G Browne added to party Ethan McRorey(pty:pla) (Browne, David) (Entered: 05/17/2023) |
| 05/22/2023 | 11 (p.165) | NOTICE of Attorney Appearance by Taisa M. Goodnature on behalf of Federal Bureau of Investigation, Merrick B. Garland. (Filer confirms contact info in ECF is current.) (Goodnature, Taisa) (Entered: 05/22/2023) |
| 05/22/2023 | 12 (p.168) | Unopposed MOTION for Leave to File Excess Pages filed by Federal Bureau of Investigation, Merrick B. Garland (Attachments: # 1 (p.8) Proposed Order) (Goodnature, Taisa) (Entered: 05/22/2023) |
| 05/22/2023 | 13 (p.172) | NOTICE of *Errata* re: 11 (p.165) Notice of Attorney Appearance, 12 (p.168) Unopposed MOTION for Leave to File Excess Pages filed by Federal Bureau of Investigation, Merrick B. Garland (Attachments: # 1 (p.8) Corrected Notice of Attorney Appearance, # 2 (p.109) Corrected Motion for Leave to File Excess Pages, # 3 (p.114) Corrected Proposed Order) (Goodnature, Taisa) (Entered: 05/22/2023) |
| 05/22/2023 | 14 (p.182) | RESPONSE filed by Federal Bureau of Investigation, Merrick B. Garland re: 2 (p.109) MOTION for Temporary Restraining Order MOTION for Injunction |

| | | |
|---|---|---|
| | | (Attachments: # 1 (p.8) Declaration(s) of David Alan Fazzini, # 2 (p.109) Proposed Order) (Goodnature, Taisa) (Entered: 05/22/2023) |
| 05/23/2023 | 15 (p.228) | NOTICE of *Errata* re: 14 (p.182) Response/Objection, filed by Federal Bureau of Investigation, Merrick B. Garland (Attachments: # 1 (p.8) Corrected Declaration) (Goodnature, Taisa) (Entered: 05/23/2023) |
| 05/24/2023 | 16 | ELECTRONIC ORDER granting 10 (p.161) Application for Admission Pro Hac Vice of David G. Browne. Important Reminder: Unless excused by court order, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 5/24/2023) (chmb) (Entered: 05/24/2023) |
| 05/24/2023 | 17 (p.235) | ORDER granting 12 (p.168) ...Before the Court are Defendants' Unopposed Motion for Leave to File Excess Pages (ECF No. 12 (p.168) ), filed May 22, 2023; and Defendants' Corrected Motion for Leave to File Excess Pages (ECF No. 13-2), filed May 22, 2023. The Motion is hereby GRANTED. Defendants are hereby granted leave to file an opposition brief not to exceed thirty pages. (Ordered by Judge Reed C. O'Connor on 5/24/2023) (wxc) (Entered: 05/24/2023) |
| 05/24/2023 | 18 (p.236) | ORDER granting 4 (p.137) ...Before the Court is Plaintiffs Motion to be relieved, in part, from Local Rule 83.10 (ECF No. 4 (p.137) ), filed on May 12, 2023. Having reviewed the Motion, the Court finds that it should be and is hereby GRANTED. (Ordered by Judge Reed C. O'Connor on 5/24/2023) (wxc) (Entered: 05/24/2023) |
| 05/26/2023 | 19 (p.237) | Unopposed MOTION for Leave to File Reply Brief not to exceed 15 pages in length filed by Kaylee Flores, Gun Owners Foundation, Gun Owners of America, Inc., Ethan McRorey (Attachments: # 1 (p.8) Proposed Order) (Stamboulieh, Stephen) (Entered: 05/26/2023) |
| 05/26/2023 | 20 (p.241) | REPLY filed by Kaylee Flores, Gun Owners Foundation, Gun Owners of America, Inc., Ethan McRorey re: 2 (p.109) MOTION for Temporary Restraining Order MOTION for Injunction (Attachments: # 1 (p.8) Declaration(s) Supplemental Dec. of Ethan McRorey, # 2 (p.109) Declaration(s) Supplemental Dec. of Kaylee Flores) (Stamboulieh, Stephen) (Entered: 05/26/2023) |
| 06/01/2023 | 21 (p.265) | Unopposed MOTION for Leave to File Sur-Reply & Declaration in Opposition to Plaintiffs' Motion for a Temporary Restraining Order, Preliminary Injunction, and/or Permanent Injunction filed by Federal Bureau of Investigation, Merrick B. Garland (Attachments: # 1 (p.8) Proposed Sur-Reply, # 2 (p.109) Declaration(s) of Brian Allen Barker, # 3 (p.114) Proposed Order) (Goodnature, Taisa) (Entered: 06/01/2023) |
| 06/02/2023 | 22 (p.275) | ORDER...Before the Court is Defendants Unopposed Motion for Leave to File a Sur-Reply and Declaration in Opposition to Plaintiffs Motion for a Temporary Restraining Order, Preliminary Injunction, and/or Permanent Injunction (ECF No. 21 (p.265) ), filed June 1, 2023. Having reviewed the Motion, the Court finds that it should be and is hereby GRANTED. (The requesting party must file the document with the clerk.) (Ordered by Judge Reed C. O'Connor on 6/2/2023) (wxc) (Entered: 06/02/2023) |
| 06/02/2023 | 23 (p.276) | Sur-reply filed by Federal Bureau of Investigation, Merrick B. Garland re: 2 (p.109) MOTION for Temporary Restraining Order MOTION for Injunction (Attachments: # 1 (p.8) Declaration(s) of Brian Allen Barker) (Goodnature, Taisa) (Entered: 06/02/2023) |
| 07/03/2023 | | |

| | | |
|---|---|---|
| | 24 (p.282) | Unopposed MOTION to Extend Time to Respond to Complaint filed by Federal Bureau of Investigation, Merrick B. Garland (Attachments: # 1 (p.8) Proposed Order) (Goodnature, Taisa) (Entered: 07/03/2023) |
| 07/14/2023 | 25 (p.286) | ORDER: The 24 (p.282) Motion is hereby GRANTED. Defendants SHALL file an answer or otherwise respond to the Complaint in this action no later than sixty days after the Court issues its decision on Plaintiff's pending Motion for a Temporary Restraining Order, Preliminary Injunction, and/or Permanent Injunction. (Ordered by Judge Reed C. O'Connor on 7/14/2023) (bdb) (Entered: 07/14/2023) |
| 07/17/2023 | 26 (p.287) | Unopposed MOTION for Leave to File Supplemental Authority filed by Kaylee Flores, Gun Owners Foundation, Gun Owners of America, Inc., Ethan McRorey (Attachments: # 1 (p.8) Proposed Supplemental Authority) (Stamboulieh, Stephen) (Entered: 07/17/2023) |
| 07/26/2023 | 27 (p.292) | ORDER: The Court ORDERS the parties to appear for a hearing on the 2 (p.109) motion on Thursday, August 3, 2023, at 9:00 a.m. in the Second Floor Courtroom, 501 W. 10th Street, Fort Worth, Texas. (Ordered by Judge Reed C. O'Connor on 7/26/2023) (bdb) (Entered: 07/26/2023) |
| 07/27/2023 | 28 (p.293) | ORDER OF CLARIFICATION: The Court hereby clarifies that the parties themselves are not required to attend the hearing on August 3, 2023. Rather, the Court ORDERS counsel for the parties to appear. (Ordered by Judge Reed C. O'Connor on 7/27/2023) (bdb) (Entered: 07/27/2023) |
| 08/03/2023 | 29 | ELECTRONIC Minute Entry for proceedings held before Judge Reed C. O'Connor: Motion Hearing held on 8/3/2023 re 2 (p.109) Motion for TRO, Motion for Injunction filed by Gun Owners Foundation, Kaylee Flores, Gun Owners of America, Inc., Ethan McRorey. Matter taken under advisement. Attorney Appearances: Plaintiff - Stephen Stamboulieh; Defense - Taisa Goodnature, Melissa Anderson. (Court Reporter: Zoie Williams) (No exhibits) Time in Court - 1:31. (chmb) (Entered: 08/03/2023) |
| 08/14/2023 | 30 (p.294) | OPINION AND ORDER... As Plaintiffs fail to establish a sufficient likelihood of success on the merits, their Motion for Temporary Restraining Order, Preliminary Injunction, and/or Permanent Injunction (ECF No. 2 (p.109) ) is hereby DENIED. (Ordered by Judge Reed C. O'Connor on 8/14/2023) (wxc) (Entered: 08/14/2023) |
| 08/14/2023 | 31 (p.304) | NOTICE OF INTERLOCUTORY APPEAL as to 30 (p.294) Memorandum Opinion and Order, to the Fifth Circuit by Kaylee Flores, Gun Owners Foundation, Gun Owners of America, Inc., Ethan McRorey. Filing fee $505, receipt number ATXNDC-13952518. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Stamboulieh, Stephen) (Entered: 08/14/2023) |
| 08/17/2023 | 32 (p.307) | Transcript Order Form: re 31 (p.304) Notice of Appeal,,,, transcript requested by Kaylee Flores, Gun Owners Foundation, Gun Owners of America, Inc., Ethan McRorey for Hearing TRO/PI on 8/3/2023 (Court Reporter: Zoie Williams.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has |

| | | |
|---|---|---|
| | | paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Stamboulieh, Stephen) (Entered: 08/17/2023) |
| 08/21/2023 | 33 (p.309) | Unopposed MOTION to Stay *District Court Proceedings Pending Interlocutory Appeal* filed by Federal Bureau of Investigation, Merrick B. Garland (Attachments: # 1 (p.8) Proposed Order) (Goodnature, Taisa) (Entered: 08/21/2023) |
| 08/22/2023 | 34 (p.315) | USCA Case Number 23-10837 in United States Court of Appeals 5th Circuit for 31 (p.304) Notice of Appeal, filed by Gun Owners Foundation, Kaylee Flores, Gun Owners of America, Inc., Ethan McRorey. (tle) (Entered: 08/22/2023) |
| 08/23/2023 | 35 (p.319) | ORDER STAYING PROCEEDINGS 33 (p.309) ...Before the Court is Defendants' Unopposed Motion to Stay Proceedings (ECF No. 33 (p.309) ), filed September 21, 2023. Having considered the same, the Court GRANTS the Motion. The case is STAYED pending the Fifth Circuit's resolution of Plaintiffs' appeal from this Courts order denying Plaintiffs' motion for injunctive relief. Notice of Appeal (ECF No. 31 (p.304) ). (Ordered by Judge Reed C. O'Connor on 8/23/2023) (wxc) (Entered: 08/23/2023) |
| 08/28/2023 | 36 (p.320) | Notice of Filing of Official Electronic Transcript of Motion Hearing Proceedings held on 8.3.23 before Judge Reed C. O'Connor. Court Reporter/Transcriber Zoie Williams, Telephone number 817.850.6630. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (102 pages) Redaction Request due 9/18/2023. Redacted Transcript Deadline set for 9/28/2023. Release of Transcript Restriction set for 11/27/2023. (zow) (Entered: 08/28/2023) |

TAB 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| ETHAN MCROREY, KAYLEE FLORES, ) <br> GUN OWNERS OF AMERICA, INC., and ) <br> GUN OWNERS FOUNDATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MERRICK B. GARLAND, in his Official ) <br> Capacity as Attorney General of the ) <br> United States, and the FEDERAL ) <br> BUREAU OF INVESTIGATION, ) <br> ) <br> Defendants. ) <br>                          ) | Civil Action No.  7:23-cv-00047-O |

## NOTICE OF APPEAL

COME NOW Plaintiffs, Ethan McRorey ("McRorey"), Kaylee Flores ("Flores"), Gun Owners of America, Inc. ("GOA"), and Gun Owners Foundation ("GOF") (collectively "Plaintiffs"), by and through undersigned counsel, and hereby appeal to the United States Court of Appeals for the Fifth Circuit, from the Opinion and Order denying Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and/or Permanent Injunction (ECF No. 30) entered on August 14, 2023.

Respectfully submitted,

Dated:  August 14, 2023

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
NDTX#: 102784MS
MS Bar No. 102784
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654

1

(601) 852-3440
E-mail: stephen@sdslaw.us

Brandon W. Barnett
Texas Bar No. 24053088
Barnett Howard & Williams PLLC
930 W. 1st St., Suite 202
Fort Worth, Texas 76102
817-993-9249 (T)
817-697-4388 (F)
E-mail: barnett@bhwlawfirm.com

David G. Browne*
SPIRO & BROWNE, PLC
2400 Old Brick Road
Glen Allen, VA 23060
804-573-9220 (T)
804-836-1855 (F)
E-mail: dbrowne@sblawva.com
*Admitted pro hac vice*

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing document or pleading to be filed with this Court's CM/ECF system which generated a notice and delivered a copy of this filing to all counsel of record.

Dated: August 14, 2023.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh

TAB 3

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **ETHAN MCROREY, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 7:23-cv-00047-O** |
| **MERRICK B. GARLAND, in his Official** | § | |
| **Capacity as Attorney General of the** | § | |
| **United States, and the FEDERAL** | § | |
| **BUREAU OF INVESTGATION,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER AND OPINION

Before the Court are Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and/or Permanent Injunction (ECF No. 2), filed May 12, 2023; Defendants' Response (ECF No. 14), filed May 22, 2023; Plaintiffs' Reply (ECF No. 20), filed May 26, 2023; and Defendants' Sur-Reply (ECF No. 23), filed June 2, 2023. For the reasons stated herein, the Motion is hereby **DENIED**.

### I.  Factual and Procedural Background

    A.  <u>Statutory and Regulatory Background</u>

Plaintiffs in this lawsuit are challenging 18 U.S.C. § 922(t)(1)(C) and 34 U.S.C. § 40901(l) (the "Challenged Provisions"), which were enacted by Congress and signed by the President on June 25, 2022 as part of the "Bipartisan Safer Communities Act" ("BSCA"). Pub. L. No. 117-159, 136 Stat. 1313 (2022).

In 1993, Congress enacted the Brady Handgun Violence Prevention Act as an amendment to the Gun Control Act of 1968. *See* Pub. L. No. 103-159, 107 Stat. 1536 (1993). Under the Brady Act, Congress directed the Attorney General to establish and operate a nationwide criminal

background check system for federal firearm licensees ("FFLs") to consult to determine whether a prospective transferee is prohibited from receiving or possessing a firearm under federal or state law. 18 U.S.C. § 922(t)(1)–(2). The Attorney General established the National Instant Criminal Background Check System ("NICS"), 28 C.F.R. §§ 25.1–25.11, and assigned management of NICS to the Federal Bureau of Investigation ("FBI"), *id.* § 25.3; 27 C.F.R. part 478.

Under the NICS system, anyone seeking to obtain a firearm from an FFL first must complete ATF Form 4473, which requires, among other things, attestation that the prospective transferee is not prohibited under federal, State, tribal, or local law from possessing or receiving a firearm. *See* 18 U.S.C. § 922(s)(1)(A)(i)(I), (s)(3)(B); 27 C.F.R. § 478.124(a). The FFL then relays to NICS the prospective transferee's name and certain other identifying information. 27 C.F.R. § 478.124(c)(1)–(2); 28 C.F.R. §§ 25.6(b), 25.7(a). An examiner with NICS then conducts a criminal background check using three national databases: (1) the National Crime Identification Center ("NCIC"); (2) the Interstate Identification Index ("III"), which contains criminal history records; and (3) the NICS Index, which contains information on prohibited persons, as defined under either federal or state law. *See* 28 C.F.R. §§ 25.6(c)(1)(iii), (f). Once these checks are run, if the prospective transferee is twenty-one or older, NICS sends one of three responses to the FFL: (1) proceed; (2) denied; or (3) delayed. *Id.* § 25.6(c)(1)(iv). If the FFL receives the "delayed" response, the FFL may complete the firearm transfer once either (a) NICS sends a follow-up "proceed" response, or (b) three business days have elapsed since the FFL received the "delayed" response, and NICS has not sent a follow-up "denied" response. *Id.* § 25.6(c)(1)(iv)(B).

The Challenged Provisions, adopted in 2022, augment this existing background check system for prospective firearm transferees who are eighteen-to-twenty-years-old.[1] When someone

---

[1] The Gun Control Act prohibits FFLs from transferring firearms to individuals under the age of eighteen. 18 U.S.C. § 922(b)(1).

in this age range seeks to obtain a firearm from an FFL, in addition to conducting the national database search described above, NICS also must immediately contact (1) the criminal history repository or juvenile justice information system, as appropriate, of the state in which the prospective transferee resides; (2) the appropriate state custodian of mental health adjudication records in the state in which the prospective transferee resides; and (3) a local law enforcement agency of the jurisdiction in which the prospective transferee resides, to determine whether the prospective transferee has a juvenile record that would prohibit the sale or transfer of a firearm to that person pursuant to 18 U.S.C. § 922(d). 34 U.S.C. § 40901(l)(1).

Under the Challenged Provisions, an FFL may complete the transfer to an eighteen-to-twenty-year-old prospective transferee once either: (1) NICS sends a follow-up "proceed" response, or (2) three business days have elapsed since the FFL contacted NICS, and NICS has neither sent a follow-up "denied" response, nor notified the FFL that cause exists to further investigate a possibly disqualifying juvenile record – whichever occurs first. 18 U.S.C. § 922(t)(1)(C)(i), (ii). In other words, if three business days have elapsed since the FFL first contacted NICS regarding a proposed transfer, and the FFL has not heard back from NICS that the transfer should be denied or that further investigation is needed, the FFL is free under the Provisions to complete the transfer of the firearm. *Id.*

Alternatively, if NICS notifies the FFL within three business days that there is cause for further investigation, the FFL may complete the transfer once either (1) NICS sends a follow-up "proceed" response, or (2) ten business days have elapsed since the FFL contacted NICS, during which NICS has not sent a follow-up "denied"[2] response – whichever occurs first. *Id.* §

---

[2] A "denied" response entails NICS notifying the FFL that transferring the firearm to the other person would violate 18 U.S.C. § 922(d) or that receipt of the firearm by the other person would violate *id.* §§ 922(g) or (n) or State, local, or Tribal law. *See id.* § 922(t)(1)(C)(iii).

23-10837.296

922(t)(1)(C)(i), (iii). So, where NICS indicates that further investigation is needed, if ten business days have elapsed since the FFL contacted NICS, and NICS has not contacted the FFL with a "proceed" or "denied" response, the FFL then is free under the Provisions to complete the transfer of the firearm. *Id.*

### B.  The Present Lawsuit[3]

Plaintiffs Ethan McRorey and Kaylee Flores are individuals who each initiated the purchase of a firearm from FFLs in Texas on May 12, 2023. As Plaintiffs McRorey and Flores are both under the age of twenty-one, NICS initiated the enhanced background check required under the BSCA. Plaintiff Gun Owners of America, Inc. ("GOA") is a California corporation that preserves and defends the inherent Second Amendment rights of gun owners. Plaintiff GOA has over 2 million members, purportedly including many young adults under the age of twenty-one. Likewise, Plaintiff Gun Owners Foundation ("GOF") is a Virginia corporation that is organized and operated as a nonprofit legal defense and educational foundation. Together, Plaintiffs GOA and GOF state they represent the interests of thousands of members and supporters who are actual and potential firearm purchasers affected by the Challenged Provisions.

On May 18, 2023, NICS informed the FFL from which Plaintiff McRorey was attempting to purchase a firearm that NICS had approved his transaction, thereby permitting the FFL to complete the firearm transfer to McRorey. McRorey was notified that his background check had been approved on May 19, 2023, and on May 22, 2023, he retrieved his firearm.[4] McRorey attempted to purchase another firearm on May 26, 2023, and was again subject to the enhanced

---

[3] The Parties agree as to the basic underlying facts of the present lawsuit. Accordingly, unless stated otherwise, the recitation of the facts is taken from Plaintiffs' Complaint, ECF No. 1; Plaintiffs' Brief, ECF No. 3; and Defendants' Response, ECF No. 14.
[4] *See* McRorey Decl., ECF No. 20-1.

background check requirement.[5] As of May 26, 2023, Plaintiff Flores's background check remained pending.[6] However, under the Provisions, if the FFL did not receive a response from NICS by May 26, 2023, the FFL would be permitted to complete the transfer of the firearm to Flores as of 12:01 a.m. on May 27, 2023.[7] *See* 18 U.S.C. § 922(t)(1)(C)(iii). Nevertheless, at the August 3, 2023 hearing before this Court, Plaintiffs' counsel stated that Ms. Flores had still not received her firearm.

On May 12, 2023, the same day Plaintiffs McRorey and Flores initiated the firearm purchases, Plaintiffs filed the present lawsuit against Merrick B. Garland, in his official capacity as the Attorney General of the United States, and the FBI.[8] Plaintiffs claim that the Challenged Provisions violate both the Second and Fifth Amendments of the United States Constitution, and they seek declaratory and injunctive relief.[9] The same day they filed the lawsuit, Plaintiffs filed their Motion for Temporary Restraining Order, Preliminary Injunction, and/or Permanent Injunction.[10] Defendants filed their Response on May 22, 2023.[11] Plaintiffs filed their Reply on May 26, 2023.[12] Defendants filed their Sur-Reply on June 2, 2023.[13] The Motion is now ripe for the Court's review.

## II. Legal Standard

Temporary restraining orders are "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999). Rule 65 of the Federal Rules of Civil

---

[5] *See id.*
[6] *See* Flores Decl., ECF No. 20-2.
[7] Fazzini Decl. ¶ 5(c)–(d), ECF No. 14-1.
[8] *See* Compl., ECF No. 1.
[9] *Id.* at ¶¶ 86–96.
[10] Pls. Mot., ECF No. 2.
[11] Defs. Resp., ECF No. 14.
[12] Pls. Reply, ECF No. 20.
[13] Defs. Sur-Reply, ECF No. 23.

Procedure governs injunctions and restraining orders. A temporary restraining order is "simply a highly accelerated and temporary form of preliminary injunctive relief," which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction. *Hassani v. Napolitano*, No. 3:09-cv-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. 2009).

A preliminary injunction is an "extraordinary remedy" and will only be granted if the movant carries its burden on all four requirements. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). To obtain a preliminary injunction, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that issuance of a preliminary injunction will not disserve the public interest. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). The last two factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). And while the decision to grant or deny injunctive relief is committed to the district court's discretion, such relief is considered an "extraordinary remedy," never awarded as of right. *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

### III. Analysis

Plaintiffs claim that the Challenged Provisions violate their rights under the Second Amendment of the United States Constitution.[14] Specifically, Plaintiffs contend Defendants are unable to justify the enhanced background check waiting period under the standard established by *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).[15]

In *Bruen*, the Supreme Court clarified the proper standard for applying the Second Amendment to gun regulations. The Supreme Court held that "[w]hen the Second Amendment's

---

[14] Pls. Brief 1, 5–12, ECF No. 3.
[15] *Id.* at 5–12.

plain text covers an individual's conduct, the Constitution presumptively protects that conduct."
*Id.* at 2129–30. If the conduct is covered by the Second Amendment, the burden then falls on the
Government to "justify its regulation by demonstrating that it is consistent with the Nation's
historical tradition of firearm regulation." *Id.* at 2130. "Only then may a court conclude that the
individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (quoting
*Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n.10 (1961)).

Plaintiffs have sufficiently shown that their conduct is covered by the Second Amendment,
leaving only the question of whether the Government can justify these restrictions with the
requisite historical analogues. While the Government does not cite to specific founding era
restrictions, the Supreme Court has already recognized the viability of certain regulations or
limitations on Second Amendment rights.

In *District of Columbia v. Heller,* it made clear that "nothing in [the Court's] opinion should
be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the
mentally ill . . . or laws imposing conditions and qualifications on the commercial sale of arms."
554 U.S. 570, 626–27 (2008). The Supreme Court emphasized that such regulations are
"presumptively lawful." *Id.* at 627 n.26. The constitutionality of these restrictions was affirmed by
the Supreme Court two years later in *McDonald v. Chicago. See* 561 U.S. 742, 786 (2010). And,
in his concurring opinion in *Bruen*, Justice Alito affirmed that nothing in the *Bruen* majority
"disturb[s] anything that [the Court] said in *Heller* or *McDonald*[] about restrictions that may be
imposed on the possession or carrying of guns." *Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring).[16]

---

[16] The Fifth Circuit recently highlighted that laws restricting access to firearms for the mentally ill and those
who were "thought to pose a grave danger to public peace" are in line with our Nation's history and tradition
of firearm regulation. *United States v. Daniels*, No. 22-60596, 2023 WL 5091317, at *9, *13 (5th Cir. Aug.
9, 2023). The Fifth Circuit explained that, at the Founding, those thought to "pose a grave danger to public
peace" referred to classes of individuals who pose a risk of "violence or rebellion, not generalized public
harm." *Id*. at *14.

Furthermore, the *Bruen* majority noted: "[N]othing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall issue' licensing regimes . . . which often require applicants to undergo a background check or pass a firearms safety course." *Bruen*, 142 S. Ct. at 2138 n.9. *Bruen* further noted that "we do not rule out constitutional challenges to shall-issue regimes where, for example, lengthy wait times in processing license applications . . . deny ordinary citizens their right to public carry." *Id.* The *Bruen* majority therefore seems to acknowledge the facial constitutionality of regimes requiring background checks and attendant waiting periods to ensure a potential purchaser is not prohibited from exercising Second Amendment rights, so long as the waiting periods are not "lengthy."

In this case, the Court finds that Plaintiffs have not met their burden to establish a substantial likelihood of success on the merits.[17] Plaintiffs contend that the background check and

---

[17] Defendants claim Plaintiffs' claims are moot. *See* Pls. Brief 1–4, ECF No. 3; Defs. Resp. 10–11, ECF No. 14; Pls. Reply 1–2, ECF No. 20. Defendants further assert that eighteen-to-twenty-year-olds are not included within "the people" under the plain language of the Second Amendment. *See* Pls. Brief 7–8, ECF No. 3; Defs. Reply 16–23, ECF No. 14; Pls. Reply 5–9, ECF No. 20. And finally, Defendants contend the Second Amendment is not implicated because, unless NICS denies the transfer, Plaintiffs are permitted to obtain their firearms after no more than 10 business days have elapsed. Defs. Resp. 14–16, ECF No. 14.

First, as to the issue of mootness, McRorey has submitted testimony that he intends to purchase more firearms, has purchased more firearms, and will be subjected to these regulations until he turns 21. McRorey Decl., ECF No. 20-1. Flores has yet to receive her firearm and has submitted evidence that she is qualified to purchase one. Flores Decl., ECF No. 20-2. These facts suggest that Plaintiffs' claims may not be moot. Additional briefing is therefore required.

Next, it also appears Plaintiffs are within "the people" envisioned by the Second Amendment. *See Firearms Pol'y Coal., Inc. v. McCraw*, 623 F. Supp. 3d 740, 748–51 (N.D. Tex. 2022), *appeal dismissed sub nom. Andrews v. McCraw*, No. 22-10898, 2022 WL 19730492 (5th Cir. Dec. 21, 2022).

Finally, the right to acquire a firearm is likely protected by the Second Amendment as several circuits have held. *See Bezet v. United States*, 714 F. App'x 336, 341 (5th Cir. 2017) (referencing "the core Second Amendment guarantee of acquiring firearms to protect one's hearth and home."); *Ezell v. City of Chicago*, 651 F.3d 684, 704 (7th Cir. 2011) ("[t]he right to possess firearms for protection implies a corresponding right to acquire and maintain proficiency in their use."); *Teixeira v. County of Alameda*, 873 F.3d 670, 677–78 (9th Cir. 2017) ("[T]he core Second Amendment right to keep and bear arms for self-defense 'wouldn't mean much' without the ability to acquire arms.").

attendant waiting period that apply to Plaintiffs violate their constitutional rights because they subject every prospective eighteen-to-twenty-year-old firearm purchaser who seeks to acquire a firearm at a federally licensed dealer to an "automatic, nationwide, and indefinite" waiting period while the statutorily-required background check is run.[18] Plaintiffs aver the waiting period delays their ability to exercise their right to keep and bear arms, and therefore, these provisions infringe upon their Second Amendment rights.[19] Plaintiffs' counsel reiterated this position at oral argument, contending that any wait time would be unconstitutional.

The Supreme Court and Fifth Circuit have reiterated that laws barring the mentally ill and felons from possessing firearms are constitutional. The provisions Plaintiffs challenge serve to ensure that FFLs do not transfer firearms to individuals who have juvenile criminal or mental health records that would bar them from possessing a firearm. Such restrictions are presumptively lawful under *Heller*, *McDonald*, and *Bruen*. While Plaintiffs contend Defendants have failed to offer founding era examples to justify background check waiting periods, the Supreme Court has noted the presumptive lawfulness of bans on providing firearms to those who are felons or mentally ill. *See Heller*, 554 U.S. at 626–27; *McDonald*, 561 U.S. at 786. And the Supreme Court has also noted that some wait time is permissible to ensure that those prohibited are unable to obtain firearms. *See Bruen*, 142 S. Ct. at 2138 n.9.[20]

Finally, Plaintiffs also assert that *any* waiting period is unconstitutional. Beyond that general assertion, which would apply to those above and below the age of twenty-one, Plaintiffs

---

Even so, given that Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits at this time, the Court need not reach these issues to resolve the pending motion for a preliminary injunction.
[18] Pls. Brief 1, ECF No. 3.
[19] *Id.*
[20] Lower courts are generally bound by Supreme Court dicta. *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016).

have not shown that the potential waiting periods here are "indefinite" or that a potential ten-business-day waiting period is unconstitutional in all cases.

Accordingly, the Court finds that Plaintiffs fail to establish the first step of the temporary restraining order/preliminary injunction analysis, and Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and/or Permanent Injunction must be **DENIED**.

## IV. Conclusion

As Plaintiffs fail to establish a sufficient likelihood of success on the merits, their Motion for Temporary Restraining Order, Preliminary Injunction, and/or Permanent Injunction (ECF No. 2) is hereby **DENIED**.

**SO ORDERED** on this **14th day** of **August, 2023**.


_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

TAB 4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2023, I electronically filed the foregoing with the Clerk of Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. All counsel of record are registered CM/ECF users, and will be served by the appellate CM/ECF system.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh