

# Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS  38654 | (601) 852-3440 | stephen@sdslaw.us

January 19, 2024

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for
the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA  70130

     **Re:** *McRorey v. Garland*, No. 23-10837

Dear Mr. Cayce:

     On January 18, 2024, the U.S. Court of Appeals for the Third Circuit held that the Commonwealth of Pennsylvania's ban on "most 18-20-year-old adult Pennsylvanians from carrying firearms" during declared "state or municipal emergenc[ies]" is unconstitutional. *See Lara v. Comm'r Pa. State Police*, No. 21-1832, 2024 U.S. App. LEXIS 1159, at *3 (3d Cir. Jan. 18, 2024) ("Op."). Importantly, the court definitively held that "18-to-20-year-olds are, like other subsets of the American public, presumptively among 'the people' to whom Second Amendment rights extend." Op. *12; *cf.* Plaintiffs' Opening Br. at 9 (citing the "overwhelming weight of authority" on this point).

     The Third Circuit further held that "the Second Amendment should be understood according to its public meaning in 1791," discarding Pennsylvania's "catalogue of statutes from the mid-to-late nineteenth century" because "each was enacted at least 50 years after the ratification of the Second Amendment." Op. *17. Similarly here, the Government relies on a host of statutes from the mid-to-late 1800s. *See* Government Br. at 29; *cf.* Plaintiffs' Opening Br. at 22 n.7 and Plaintiffs' Reply Br. at 26-29 (discussing Government's statutes). *See also* ROA.300 (district court noting "the Government does not cite to specific founding era restrictions"); Plaintiffs' Opening Br. at 26 (Government similarly on appeal "established nothing at the Founding that justifies the Challenged Provisions".).

     The Third Circuit then disposed with Pennsylvania's argument regarding the "age of majority" (*cf.* Government's Br. at 27-28). Op. at *10-12. First, such argument "supposes that the first step of a *Bruen* analysis requires excluding individuals from 'the people' if they were so excluded at the founding," but noting that only "white, landed men" would be protected, which "is obviously not the state of the law." Op. *10-11. Second, just because "individuals under … 21 lacked

certain legal rights at the founding," they are not "ex ante excluded" from the "scope of 'the people.'" Op. *11. Third and finally, "[i]t is undisputed that 18-to-20-year-olds are among 'the people' for *other* constitutional rights...." Op. *12 (emphasis added); *cf.* Plaintiffs' Opening Br. at 17.

                                                                       Sincerely yours,

                                                                       Stephen D. Stamboulieh

cc:    By ECF to all counsel of record